979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeremiah NERO, Defendant-Appellant.
 No. 91-50545.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 17, 1992.
 
 Before BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * Jeremiah Nero was convicted under 21 U.S.C. § 841(a)(1) of attempting to distribute cocaine and possessing cocaine with intent to distribute.
 
 
 3
 According to the prosecution, after Nero was picked up by FBI agents, he confessed and agreed to cooperate with the FBI. The FBI then released him, hoping his cooperation would lead them to bigger fish in his organization. They arrested him the next day, after he failed to show up for a scheduled meeting.
 
 
 4
 Nero's lawyer denied Nero had confessed to the agents, and argued the agents wouldn't have released Nero if he had indeed confessed. RT 154, 230-33. However, this strategy backfired: When the lawyer was questioning Special Agent Ruona about why the agents didn't immediately arrest Nero after his alleged confession, Ruona mentioned that Nero also confessed to bad acts besides those he was charged with. RT 230-31. When the prosecutor questioned Ruona further on redirect, Ruona testified about even more bad acts to which Nero had confessed. RT 263-64. Nero now argues that all this evidence was inadmissible under Fed.R.Evid. 404(b). Because Nero's lawyer didn't object to it at trial, we review for plain error. Fed.R.Evid. 103(d).
 
 
 5
 Rule 404(b) bars evidence of other bad acts when they are relevant only to prove that a defendant acted in conformity with his character. But Ruona's testimony wasn't offered to prove this; it was offered to explain why the agents let Nero go after he confessed. What Nero told the agents about his other bad acts reinforced their opinion that he "was just the tip of the iceberg," an iceberg Nero might help deliver to them if they let him loose as an informant. RT 230-31. Nero's story also helped convince the agents that Nero was being frank and therefore might be trusted, since it was consistent with other things the agents knew. RT 263-64. Because the prior bad acts were relevant to show the plausibility of the agents' actions--not just to show Nero's character--they were admissible. Fed.R.Evid. 404(b). A fortiori, it was not plain error to admit them.
 
 II
 
 6
 In his closing argument, the prosecutor tried to bolster the credibility of Michael Patin, a prosecution witness, by pointing out that Patin's testimony was corroborated by the physical evidence and by the FBI agents' observations. RT 394. The prosecutor also--while acknowledging that Patin was concerned about his own neck, RT 395--described Patin as "a nice young man, who ... is attempting to do what he can to undo the damage that he has done." RT 394. Nero argues this was impermissible vouching. Because Nero's lawyer didn't object to these comments at trial, we review this matter for plain error, Fed.R.Crim.P. 52(b), and will reverse only to prevent a miscarriage of justice or to preserve the integrity and the reputation of the judicial process. United States v. Bordallo, 857 F.2d 519, 527 (9th Cir.1988), amended, 872 F.2d 334 (9th Cir.), cert. denied, 493 U.S. 818 (1989).
 
 
 7
 The prosecutor's comment on the evidence corroborating Patin's testimony was clearly permissible. United States v. Molina, 934 F.2d 1440, 1445 (9th Cir.1991) (prosecutor may argue that evidence presented to jury supports witness's testimony). The prosecutor's "nice young man" comments border on the impermissible, because the jury was given no evidence of Patin's "nice" character or of his desire to undo the damage he did (as opposed to merely shorten his own prison term). Id. at 1446 (prosecutor may not imply there's information outside record that supports witness's testimony). But it's hard to imagine that this isolated comment led to a miscarriage of justice: The jury knew Patin was a criminal, and they knew he had some rather selfish reasons for testifying; it's highly unlikely that the prosecutor's comments bamboozled them into believing Patin against their own best judgments. Likewise, this wasn't the sort of grave intentional misconduct that endangers the integrity of the judicial process. There was no plain error here.
 
 III
 
 8
 In his closing argument, the prosecutor also told the jury that "[w]hat you have been given here is a piece of a larger investigation, and I am sure in listening to the testimony, you are aware of the fact that there is a lot more out there." RT 388. Nero argues this impermissibly implied there was other inculpatory evidence against Nero that the jury hadn't been given. Again, since Nero's lawyer didn't object at trial, we review this for plain error. Fed.R.Crim.P. 52(b).
 
 
 9
 Seen in context, the prosecutor's statement was just part of his explanation of why the agents released Nero shortly after arresting him: Because Nero was only a part of a larger conspiracy, the agents wanted Nero to become an informant. See RT 388-91. This falls within the prosecution's right to comment on the evidence. Molina, 934 F.2d at 1445.
 
 IV
 
 10
 The prosecutor argued to the jury that, though "the defendant does not have the burden of proof," Nero's failure to present certain exculpatory evidence helped support the government's case. RT 408-09. Specifically, he pointed out that Nero didn't call as a witness his girlfriend, who, according to Nero's story, should have been able to corroborate his testimony. Nero contends this impermissibly shifted the burden of proof from the prosecution onto the defense.
 
 
 11
 The prosecutor didn't argue that defendant's failure to rebut the government's case requires a guilty verdict; in fact, both the prosecutor and the judge specifically reminded the jury that the burden of proof was on the prosecution. The prosecutor simply pointed out that the defendant didn't explain certain facts and didn't present certain exculpatory evidence. This is what closing argument is largely about, and it's entirely permissible. United States v. Mares, 940 F.2d 455, 461 (9th Cir.1991).
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3